**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LYNN WOODS,<br>　　　Petitioner, | Case No. 1:12-cv-352 |
| | Dlott, J. |
| vs. | Bowman, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>　　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 2). This matter is before the Court on the petition, respondent's motion to dismiss (Doc. 5), and petitioner's response in opposition. (Doc. 6).

**I.　　PROCEDURAL HISTORY**

**State Trial and Direct Appeal**

On November 10, 2010, the Hamilton County, Ohio grand jury returned an indictment charging petitioner with two counts of felonious assault, in violation of Ohio Rev. Code § 2903.11(A)(2), and one count of felonious assault, in violation of Ohio Rev. Code § 2903.11(A)(1). (Doc. 5, Ex. 1). On November 19, 2010, petitioner entered a plea of not guilty to all charges. (Doc. 5, Ex. 2).

On June 30, 2011, following a jury trial, petitioner was found guilty of one count of felonious assault under Ohio Rev. Code § 2903.1(A)(2), with a specification that he possessed a firearm while committing the offense. (Doc. 5, Ex. 3). Petitioner was found not guilty on the remaining charges. (*See* Doc. 5, Ex. 4, 5). On July 27, 2011, the trial court entered a judgment sentencing petitioner to a total sentence of six years imprisonment, five years on the felonious assault conviction and one year for the gun specification. (Doc. 5, Ex. 6).

Petitioner failed to file a timely direct appeal from his conviction.

## Motion for Delayed Appeal

On September 30, 2011, petitioner filed a pro se motion for delayed appeal with the Ohio Court of Appeals. (Doc. 5, Ex. 7). In his supporting memorandum, petitioner claimed that he failed to perfect an appeal as of right for the following reason:

> Abandonment of Attorney, and denial of right to counsel at critical state of the proceeding. A right afforded under the 6th and 14th Amendments to the United States Constitution, in accord to Ohio Constitution 1 Section 10.

(Doc. 5, Ex. 7, p. 2). On October 26, 2011, the Ohio Court of Appeals overruled petitioner's motion, finding that petitioner failed to comply with the requirements of Appellate Rule 5(A). (Doc. 5, Ex. 8).

## Federal Habeas Corpus

On May 3, 2012, petitioner filed the instant petition. Petitioner raises two grounds for relief:

> **GROUND ONE**: The Warden here at C.C.I is holding me in custody under void commitment papers exhibits A through I inclosed [sic] in violation of Ohio and The United States Constitution in my indictment case no. B-1007489 counts 1 and 3 are exactly the same so in my jury verdict forms entered July 18, 2011 judgment of acquittal of verdicts on counts 2 and 3.
>
> Supporting Facts: I Lynn Woods should have been discharged as shown in Exhibit A and I am innocent of these charges and the court and the judge ordered me discharged Exhibits A,B,C I am asking this U.S. District Court to grant this habeas corpus and give me my proper discharge as shown on Exhibit A enclosed. Exceptional circumstances exist to require prompt federal intervention into my case no. B1007489 and trial with all exhibits A through I. This action violates the Act of Congress under 25th Section of the Act of 1789, in which I am claiming relief is so prayed for.
>
> **GROUND TWO:** A void judgment order or decree maybe attached at anytime either directly or collaterally. After entering jury verdict forms exhibits A, B, and C

>Supporting Facts: I should have been discharged as shown on Exhibit A. I am claiming the Act of Congress, Constitutional Law under the 25th Section of the Act of 1789. The United States Supreme Court has appellate power in all cases arising under the Constitution and laws of these United States, with such exceptions and regulations as congress may make whether the cases arises in a state court or inferior court of these United States and under the Act of Congress of 1789, when the decision of the state court is against the right claimed under the Constitution or laws of the United States a writ of error or appeal will lie to bring the judgment of the state court before the U.S. Supreme Court for re-examination and revision. Exhibit A shows. It is further ordered that the defendant Lynn Woods is hereby discharged. I am unlawfully inprisoned [sic]. Please your honorable District Court or Judge or Justice grant this writ of habeas corpus against count 2 and 3 are judgment entry of acquittal exhibit D and count 1 is exactly the same as count 3 Exhibit D count 1. They dismissed specifications to try to make the count different from count 3, but it is exactly the same.

(Doc. 1).

Respondent has filed a motion to dismiss. (Doc. 5). Therein, respondent contends that the petition should be dismissed without prejudice because petitioner's claims are unexhausted. *Id.*

## Second Motion for a Delayed Appeal

On December 18, 2012, after respondent filed the motion to dismiss, petitioner filed an application for consideration for leave to file a delayed appeal in the Ohio Court of Appeals.[1] Petitioner set forth the following reasons for considering his delayed appeal:

>[1] Mr. Woods has been denied his federal constitutional right to the appointment of counsel on direct review as meaningful first appeal to correct the trial courts error's (sic).
>
>[2] violation of effective assistance of counsel at every critical stage of the proceeding[s], including, but not limited to [sentencing].
>
>[3] Mr. Bleiles failing to attend his clients sentencing undermined proper process that his [sentencing] cannot be relied on as having produced a just result "his constitutional right to counsel at every critical stage is violated and the integrity to the judicial process challenged". Id. Strickland v. Washington, at 692-93

---

[1] Found at www.clerkcourt.org under Case No. B-1007489.

On January 16, 2013, the Ohio Court of Appeals *sua sponte* dismissed the appeal as not being timely filed under Ohio App. R. 4(A).

**II.     THE MOTION TO DISMISS SHOULD BE GRANTED**

In Ground One of the petition, petitioner contends that he is being held in custody under void commitment papers.   In Ground Two, petitioner argues that his judgment order was also void.   (Doc. 1).   As noted previously, respondent contends that the petition should be dismissed without prejudice, arguing that petitioner's claims are unexhausted.   (Doc. 5).

The resolution of this issue requires an understanding of the principles of exhaustion and waiver in habeas corpus cases, which although overlapping to some degree, are separate and distinct concepts leading to either dismissal of unexhausted claims without prejudice when exhaustion principles are applied or the denial of such claims with prejudice when waiver principles are invoked.[2]

The waiver and exhaustion principles are premised on the same underlying rationale.   In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state

---

[2]   Because the instant petition is not a "mixed" petition containing both exhausted and unexhausted claims, *see Rose v. Lundy,* 455 U.S. 509 (1982), the "stay-and-abeyance" procedure adopted to protect "the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted," *Duncan v. Walker,* 533 U.S. 167, 184 (2001) (Stevens, J., concurring), is inapplicable.   Under such procedure, the district court may stay the exhausted portion of the petition pending the resolution of the unexhausted claims in the state courts.   However, in cases such as this, where the petitioner has failed to exhaust any of his claims for relief, the court has no basis to retain jurisdiction during the time petitioner returns to the state courts to exhaust an available remedy.   *See, e.g., Carpenter v. Reynolds,* 212 F.Supp.2d 94, 98 (E.D.N.Y. 2002); *Baity v. McCary,* No. 02 Civ.1817 LAPAJP, 2002 WL 31433293, at *2 & n.3 (S.D.N.Y. Oct. 31, 2002) (unpublished) (and cases cited therein); *cf. Stedman v. Hurley,* No.1:05cv2051, 2006 WL 2864319, *8-9 (N.D. Ohio Oct. 4, 2006) (Report & Recommendation) (unpublished) (involving a petition containing only exhausted claims, where the petitioner sought to exhaust a claim not alleged in the petition); *Razo v. Bradshaw,* 1:05cv1106, 2006 WL 1805896 (N.D. Ohio June 29, 2006) (unpublished) (same).   In any event, a stay is inappropriate in the absence of "good cause" for petitioner's failure to exhaust his claims first in the state courts as required under *Rhines v. Weber,* 544 U.S. 269, 277 (2005).

defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action.  *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971).   A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement.  *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

Although premised on the same concerns, the waiver and exhaustion doctrines are distinguishable in that they are applied in distinctly different situations.  If the petitioner fails to fairly present his claims through the state courts, but still has an avenue open to him in the state courts by which he may present the claims, his petition may be dismissed without prejudice (or in cases involving "mixed" petitions, administratively stayed) pending his exhaustion of the available state remedy.  *See* 28 U.S.C. § 2254(c); *see also Duncan v. Walker,* 533 U.S. 167, 182-84 (2001) (Stevens, J., concurring); *Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *cf. Rhines v. Weber,* 544 U.S. 269, 276-77 (2005).   The exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies.  *See* 28 U.S.C. § 2254(b)(2). Nevertheless, there is a strong presumption in favor of requiring exhaustion of state court remedies.  *See Granberry v. Greer,* 481 U.S. 129, 131 (1987).

On the other hand, if petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the merits of his claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue

his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, it is clear from the record before the Court that petitioner has not exhausted his available state court remedies with respect to his two grounds for relief. Although petitioner sought a delayed appeal on two occasions with the Ohio Court of Appeals, his motions were denied by the appellate court and petitioner has not presented his claims to the Ohio Supreme Court. Nevertheless, out of an abundance of caution and because petitioner may still seek review with the Ohio Supreme Court,[3] petitioner's unexhausted claims should not be dismissed with prejudice as waived, but rather without prejudice on exhaustion grounds. Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that petitioner can

---

[3] As noted by respondent, petitioner may still seek delayed discretionary review in the Ohio Supreme Court. *See* S.Ct.Prac.R. 7.01 § 2(A)(4)(a). It also appears that petitioner may still seek a timely appeal from the Ohio Court of Appeals' January 16, 2103 denial of his application for delayed appeal.

6

fully exhaust his state remedies and then return to this Court, if he so desires, after exhaustion has been properly and fully accomplished.

Finally, in response to the motion to dismiss, petitioner has argued that his claims are not unexhausted because his conviction and sentence violate the Act of Congress under the 25th Section of the Act of 1789.  (*See* Doc. 5).  According to petitioner, "[n]o petition is unexhausted when claiming the 25th Section of the Judiciary Act of 1789, wholly under the Act of Congress." (Doc. 5, p. 2).  However, as the Court noted in *Morgan v. Robinson*, Case No. 3:12-cv-254, 2012 WL 3114894, at *1 (S.D. Ohio July 31, 2012) (Report and Recommendation), *adopted* (S.D. Ohio November 10, 2012), petitioner's claim is without merit:

> [Petitioner] apparently believes he can avoid the exhaustion doctrine, the procedural default doctrine, and the statute of limitations (which was fatal to his prior case) by pleading that he brings his case solely under "the 25th section of the Judiciary Act of 1789 wholly under the Act of Congress.  No claims are time barred or procedurally defaulted nor do [sic] a defendant has to exhaust state remedies when claiming under the 25th section of the Judiciary Act of 1789. Again, wholly under the Act of Congress."  (Petition, Doc. No. 1, PageID 5). Title 28 of the United States Code was enacted as positive law by the Act of June 25, 1948, thereby repealing prior law dealing with the subject matter of the Judicial Code.  Thus the Judiciary Act of 1789 is no longer law in the United States.  In any event, § 25 of the Judiciary Act of 1789 conferred jurisdiction on the Supreme Court, and not on the district courts; even if it were still the law, it would not support jurisdiction of this Court over this case.

*Id.*; *cf. Tackett v. Warden*, Case No. 1:11-cv-450, 2012 WL 3023260, at *2 (S.D. Ohio July 24, 2012) (rejecting petitioner's contention that his claims were not time-barred because they could be reviewed under the 25th Section of the Judiciary Act of 1789).

Accordingly, in sum, the petition should be dismissed for lack of exhaustion so that petitioner can fully exhaust his state remedies.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 5) be **GRANTED** and the petition (Doc. 1) be dismissed without prejudice to refiling after petitioner has exhausted his state court remedies.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state remedies and that this case should be dismissed without prejudice pending exhaustion of such remedies.[4]  *Cf. Mingo, supra,* 151901, at *4.

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis.  See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

       *s/ Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge

---

[4] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition.  *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LYNN WOODS,                                    Case No. 1:12-cv-352
     Petitioner,

                                                 Dlott, J.
     vs.                                            Bowman, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
     Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).